UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD RICHIE,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JOHN DOE 1, ET AL.,<br><br>　　　　　Defendant(s). | Case No. CV 17-5833-JAK (KK)<br><br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

On August 4, 2017, Plaintiff Chad Richie ("Plaintiff"), proceeding pro se and in forma pauperis, constructively filed[1] a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against John Doe #1 and John Doe #2 in their individual capacity. ECF Docket No. ("Dkt.") 1. As discussed below, the Court dismisses the Complaint with leave to amend.

///

///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

## II.
## PROCEDURAL HISTORY

On August 4, 2017, Plaintiff constructively filed the Complaint against John Doe #1, a deputy sheriff in the Los Angeles Deputy Sheriff's Transportation Department, and John Doe #2, a deputy sheriff at the Los Angeles County Superior Courthouse ("Defendants") in their individual capacity. Dkt. 1, Compl. at 2-3. Plaintiff alleges on August 4, 2017, John Doe #1 drove the transport vehicle recklessly causing Plaintiff to fall out of his seat while wearing wrist and ankle restraints, resulting in injuries to Plaintiff's hand, back, neck, and arm. Id. at 3, 5. Plaintiff alleges John Doe #2 was deliberately indifferent to Plaintiff's complaints of injury and refused to refer him to medical personnel. Id. at 3, 6. However, a sergeant arrived who insisted an "injury report" be written and Plaintiff was then evaluated by a doctor at the hospital. Id. at 5-6. Plaintiff alleges he "is now physically unable to perform basic physical duties such as prolonged standing, sitting, or heavy lifting." Id. at 7. Plaintiff seeks $40,000,000 in compensatory and punitive damages. Id.

## III.
## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter,

668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation and internal quotation marks omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation and internal quotation marks omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (citation and internal quotation marks omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation and internal quotation marks omitted). The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v.

Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. PLAINTIFF FAILS TO STATE A CLAIM FOR DELIBERATE INDIFFERENCE AGAINST JOHN DOE #2

#### 1. Applicable Law

Prison officials or private physicians under contract to treat inmates "violate the Eighth Amendment if they are 'deliberately indifferent to a prisoner's serious medical needs.'" Peralta v. Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (alterations omitted)); Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). To assert a deliberate indifference claim, a prisoner plaintiff must show the defendant: (1) deprived him of an objectively serious medical need, and (2) acted with a subjectively culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

The Ninth Circuit has identified three situations in which a medical need is considered serious: (1) "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (2) "the

4

presence of a medical condition that significantly affects an individual's daily activities"; or (3) "the existence of chronic and substantial pain." Egberto v. Nevada Dep't of Corr., 678 F. App'x 500, 504 (9th Cir. 2017)[2] (citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

"A prison official is deliberately indifferent under the subjective element of the test only if the official 'knows of and disregards an excessive risk to inmate health and safety.'" Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004)). "This 'requires more than ordinary lack of due care.'" Id. (quoting Farmer, 511 U.S. at 835). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (quoting Farmer, 511 U.S. at 837). "[D]elay alone, however, is not enough to make out an Eighth Amendment claim; [a plaintiff] must also show that it caused him further harm." Egberto, 678 F. App'x at 504 (citing Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994)).

**2. Analysis**

Here, Plaintiff sufficiently alleges his injuries required evaluation by a doctor and now interfere with his daily activities. Compl. at 3, 5, 7. Plaintiff alleges John Doe #2 refused to refer Plaintiff to medical personnel after learning of Plaintiff's injuries. Id. at 6. However, Plaintiff admits he was taken to the hospital for evaluation by a doctor. Id. Thus, Plaintiff fails to allege facts showing he was denied medical treatment or that the minimal delay caused by John Doe #2's initial refusal to refer him to medical personnel "caused him further harm." See Berry 39 F.3d at 1057 (holding two hour delay in being escorted to medical clinic after noticing blood in plaintiff's urine was insufficient to support a claim for deliberate

---

[2] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

indifference, where plaintiff failed to offer evidence "these minor delays caused any harm"); see also Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990) (holding only delays that cause substantial harm violate the Eighth Amendment). Therefore, Plaintiff has failed to state a claim against John Doe #2 for violation of the Eighth Amendment.

**B.     DOE DEFENDANTS**

"As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir.1980). "However . . ., where the identity of alleged defendants will not be known prior to the filing of a complaint . . ., the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." Id.; see also Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, Plaintiff will be given an opportunity to discover the names of the doe defendants and amend his Complaint. Plaintiff may request leave to conduct limited discovery in order to discover the names of the doe defendants. However, Plaintiff is cautioned that Federal Rule of Civil Procedure 45 ("Rule 45") provides the exclusive method of discovery on non-parties. In addition, a motion for issuance of a Rule 45 subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. See Davis v. Ramen, No. 1:06-CV-01216-AWI-SKO-PC, 2010 WL 1948560, at *1 (E.D. Cal. 2010). Plaintiff should act diligently in conducting such investigation, as the Court will only grant extensions of time upon a showing of good cause.

Further, Plaintiff is advised that without any named defendants, the Court cannot order service of the complaint. See Augustin v. Dep't of Public Safety, 2009 WL 2591370, at *3 (D. Hawai'i Aug. 24, 2009); see also Soto v. Board of

6

Prison Term, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007). Consequently, if Plaintiff files an amended complaint that only names doe defendants, such complaint will be subject to dismissal. See Williams v. Schwarzenegger, 2006 WL 3486957, at *1 (E.D. Cal. Dec. 1, 2006).

## V.
## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiency discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a

preceding complaint is waived if it is not raised again in the First Amended Complaint.  Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

      The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

      **Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

      2.    Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated:  September 7, 2017

                                            HONORABLE KENLY KIYA KATO
                                            United States Magistrate Judge